UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

THOMAS DALE PEERY,
                    *Defendant-Appellant.*

No. 00-4267

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-65, CR-93-164)

Submitted: November 14, 2000

Decided: December 1, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

The district court revoked Thomas Dale Peery's term of supervised release and sentenced him to serve thirty months in prison. Peery's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which no issues are raised.[1] Peery filed a pro se supplemental brief in which he alleges that: (1) although he was arrested, he was not convicted at the time of revocation, and therefore the court should not have revoked his term of supervised release; (2) the district court improperly found that he was guilty of a Grade A violation;[2] and (3) counsel rendered ineffective assistance by failing to raise the above issues. Finding no error, we affirm.

Peery was convicted in 1999 of mailing threatening letters, and he was sentenced to eight months imprisonment (time served) and three years of supervised release. In December 1999, Peery was arrested for shoplifting, obstruction of justice, felony assault on a law enforcement officer, and being drunk in public. Peery did not contest the charges against him at the revocation hearing.

We find no error in the district court's decision to revoke Peery's term of supervised release. There is no requirement that a defendant be convicted of the offense resulting in revocation, only that the court find by a preponderance of the evidence that the offense was committed. *See* 18 U.S.C. § 3583(e)(3) (1994). This requirement was satisfied when Peery declined to contest the charges. We likewise find no error in the court's finding that Peery committed a Grade A violation under the sentencing guidelines. Felony assault on a law enforcement officer is clearly a crime of violence punishable by more than one year imprisonment. *See* USSG § 7B1.1(a)(1). Finally, because Peery's substantive claims fail, counsel was not ineffective by failing to argue them.

We have examined the entire record in this case in accordance with

---

[1]The case is simply submitted for appellate review.

[2]*See U.S. Sentencing Guidelines Manual* § 7B1.1(a)(1) (1998).

the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm the district court's order revoking Peery's term of supervised release and sentencing him to thirty months imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*